UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 395 LAMPE, LLC, | CASE NO. C12-1062 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | |
| KAWISH, LLC, et al., | |
| Defendants. | |
| WAYNE L. PRIM, et al. | |
| Third-Party Defendants | |

This matter comes before the Court on Plaintiff's motion to remand. (Dkt. No. 8.) Having reviewed the motion, the response (Dkt. No. 19), the reply (Dkt. No. 24), and all related papers, the Court GRANTS the motion and REMANDS the case to King County Superior Court.

Plaintiff correctly argues that the case was improperly removed on the basis of diversity jurisdiction where the parties are not completely diverse. Plaintiff has shown that both it and Defendant Kawish, LLC's are citizens of Nevada. As Plaintiff demonstrates, Kawish, LLC is a

ORDER GRANTING MOTION TO REMAND- 1

1  resident of Nevada and Washington, because its members are citizens of both states. <u>Johnson v.</u>
2  <u>Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) (holding that citizenship
3  of a limited liability company ("LLC") is based on all members of the LLC). Defendants agree
4  that the addition of Kawish to this case has destroyed complete diversity and that the case should
5  be remanded. The Court finds there to be no complete diversity and thus no basis for removal
6  jurisdiction. The Court thus GRANTS the motion and REMANDS this case to King County
7  Superior Court.

8        The Court finds fees properly awarded in this matter pursuant to 28 U.S.C. § 1447(c).
9  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where
10 the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v.</u>
11 <u>Franklin Cap. Corp.</u>, 546 U.S. 132, 141 (2005). Defendants, including Kawish initiated removal
12 of this case based on diversity of citizenship. Kawish knew or should have known that its
13 citizenship was based on its members and that diversity did not exist. As such, it did not have an
14 objectively reasonable basis for removing the case to federal court. <u>See id.</u> Fees are properly
15 awarded. However, the Court does not find it proper to award any fees for time spent on other
16 matters outside of remand, such as the opposition to Defendants' motion to consolidate in a
17 separate case. The Court is also not properly positioned to consider what amount is reasonable.
18 Plaintiff failed to provide documentation of its fees and costs with its motion, and instead
19 provided them only with the reply brief. Defendants have asked that the affidavits filed with the
20 reply be stricken. (Dkt. No. 30.) Rather than strike the affidavits, the Court GRANTS
21 Defendants leave to file an opposition to the amounts requested. Any opposition must be filed
22 by no later than August 3, 2012, and may not exceed 4 pages. To this extent, the Court
23
24

ORDER GRANTING MOTION TO REMAND- 2

1  GRANTS Defendants' motion for leave to file a surreply. (Dkt. No. 30.) Plaintiff is not
2  permitted to file a reply.

3  **Conclusion**

4  The Court GRANTS the unopposed motion to remand. (Dkt. No. 8.) The Court lacks
5  jurisdiction over this matter. The Court also finds an award of fees and costs proper. The Court
6  requires further briefing on this issue from Defendants and GRANTS them leave to file a
7  response to the amounts set forth and requested in Plaintiff's reply brief. The opposition of no
8  more than 4 pages is due by August 3, 2012. No reply shall be accepted. As such, the Court
9  GRANTS Defendants' motion for leave to file a surreply. (Dkt. No. 30.) All other pending
10 motions, including the motion for a temporary restraining order and motion to dismiss, are
11 terminated and the case is REMANDED to King County Superior Court.
12 The clerk is ordered to provide copies of this order to all counsel.
13 Dated this 30th day of July, 2012.

Marsha J. Pechman
United States District Judge